

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00056-CV

IN THE INTEREST OF T.W., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 69,993-L1, Honorable Jack M. Graham, Presiding

August 9, 2018

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

J.D. and E.K. appeal a final order terminating their parental relationship to T.W. Multiple issues pend for our resolution, and we address each in turn.[1] Upon addressing them, we affirm.

Because neither party questions the sufficiency of the evidence underlying the jury's verdict to terminate the parental relationship, we forgo a factual recitation of the case. Instead, our attention will turn to the issues raised.

*Issue One – Dismissal of the Action Due to Expiration of Anniversary Date*

---

[1] Respective counsel for J.D. and E.K. initially filed *Anders* briefs. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We found an arguable issue, despite their representations to the contrary. That resulted in our abating the cause for the appointment of new counsel for appellants and rebriefing. Such occurred.

Both J.D. and E.K. assert that the termination suit should have been dismissed because the trial did not begin within one year of the Department of Family and Protective Services (Department) being appointed temporary managing conservator of T.W. We overrule the issue.

Statute requires that trial of termination proceedings commence before the first Monday after the first anniversary of the date the Department was appointed temporary managing conservator of the child. TEX. FAM. CODE ANN. § 263.401(a) (West 2014 & Supp. 2017).[2] That deadline may be extended, though. That is, "[u]nless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the [aforementioned anniversary date] . . . unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment . . . is in the best interest of the child." Id. § 263.401(b); In re J.T.B., No. 07-10-00261-CV, 2011 Tex. App. LEXIS 108, at *9–10 (Tex. App.—Amarillo Jan. 7, 2011, no pet.) (mem. op.). Once those findings and the decision to retain are made, trial may be delayed for another 180 days after the first anniversary. Id. In making those findings and retaining the suit on its docket comes one further duty. The trial court also must follow its decision by "render[ing] an order" 1) specifying both the new date on which the proceeding will be dismissed and the

---

[2] Sections 263.401 and 263.402 of the Texas Family Code were amended by the 85th Legislature. The last version of those amendments took effect September 1, 2017, and were to apply only to suits filed on or after September 1, 2017. See Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 33, 2017 Tex. Gen Laws 713, 735. The suit at bar having been filed in April of 2016 relieves us from the obligation of applying the changes here. Instead, the controlling law is that existing when suit was filed. See In re K.M., No. 05-16-01048-CV, 2017 Tex. App. LEXIS 1074, at *3 (Tex. App.—Dallas Feb. 7, 2017, pet. denied) (mem. op.); see also TEX. GOV'T CODE ANN. § 311.025(b) (calling for resolution of conflicting amendments by providing that bill upon which the last legislative vote was taken controls).

date of trial, and 2) making additional temporary orders for the safety of the child as needed to avoid delay in the suit's resolution.  TEX. FAM. CODE ANN. § 263.401(b)(1)–(3).

Here, the trial court appointed the Department as temporary managing conservator over T.W. on April 27, 2016.  Thus, the first anniversary date was April 27, 2017.  Additionally, trial on the merits was scheduled for April 26, 2017.  Two days before the 26th, J.D. and E.K. jointly moved the court to forgo the April 26th setting, retain the proceeding on its docket, and set a new trial date.  They sought the delay so they could have additional time to complete services upon which their anticipated custody of T.W. depended.  The motion was considered and granted on April 24, 2017, as evinced by an entry on the trial court's docket.  *See Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 Tex. App. LEXIS 3147, at *12 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (mem. op.) (stating that a docket entry may supply facts in certain situations but cannot be used to contradict a final judicial order).  Furthermore, this decision was followed by a written order issued ten days later.  Therein, the trial court designated October 28, 2017, as the new dismissal date.  Omitted from the decree, however, was mention of a trial date or the extraordinary circumstances underlying the decision to retain the cause on the docket.

Authority holds that one who moves for an extension of the dismissal date both agrees to the extension contemplated within § 263.401(b) and waives his right to complain of the extension.  *See, e.g.*, *In re J.L.C.*, 194 S.W.3d 667, 673 (Tex. App.—Fort Worth 2006, no pet.); *accord In re A.T.S.,* No. 12-07-00196-CV, 2008 Tex. App. LEXIS 5721, at *48 (Tex. App.—Tyler July 31, 2008, no pet.) (mem. op.) (holding the same).

3

Since J.D. and E.K. moved for and received the extension, both agreed to it and neither can complain.

And, assuming *arguendo* that something were wrong with the manner of and time within which the trial court retained the cause on its docket, J.D. and E.K. were obligated to move the court to dismiss the suit before trial began. *Id.* § 263.402(b) (stating that a party who fails to make a timely motion to dismiss the suit waives the right to object to the court's failure to dismiss and such a motion is timely if made before commencement of a trial on the merits); *In re J.T.B,* 2011 Tex. App. LEXIS 108, at *10. No such motion to dismiss was filed by either J.D. or E.K.; so, both waived their right to complain about the trial court foregoing dismissal of the suit.

*Issue Two – Dismissal Due to Expiration of New Dismissal Date*

J.D. and E.K. next assert that the cause should have been "automatically dismissed" because trial had not begun within the extended time period, that is, before October 28, 2017. We overrule the issue.

Reference to automatic dismissal first appeared in the 2017 amendments to § 263.401 of the Family Code. As mentioned in our footnote two, the 2017 amendments do not apply to this suit. Thus, J.D. and E.K. were obligated to timely move for dismissal per § 263.402(b), and they did not.

We also observe that the trial court called the suit for "final hearing" on October 17, 2017, and heard the testimony of a witness. The proceeding was then recessed to January 16, 2018, with the complete acquiescence of the parties. These circumstances appear in a supplemental reporter's record which this Court was obligated to obtain *sua*

4

*sponte.* Having begun on October 17th, trial occurred within 180 days of the April 27th anniversary date.

*Issue Three – Ineffective Assistance*

J.D. and E.K. finally contend that their respective trial counsels were ineffective because they did not move to dismiss the cause. We overrule the issue.

An indigent parent is entitled to appointed counsel in termination cases, and that entitlement includes the right to effective counsel. *In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010). In assessing whether counsel was effective, the standard used is that applied in the criminal arena. *In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003); *In re L.G.*, No. 07-14-00365-CV, 2015 Tex. App. LEXIS 3017, at *11–12 (Tex. App.—Amarillo Mar. 26, 2015, no pet.) (mem. op.). Though that standard has two prongs, *see In re J.T.B.*, 2011 Tex. App. LEXIS 108, at *10 (describing the prongs as ineffectiveness coupled with prejudice), the one determinative here pertains to the quality of counsel's performance. It requires us to consider all the circumstances surrounding the proceeding and focus on whether the attorney performed in a reasonably effective manner. *Id.* And, unless those circumstances indicate that counsel's actions were so outrageous that no competent attorney would have engaged in them, the attorney was not ineffective. *In re L.G.*, 2015 Tex. App. LEXIS 3017, at *12. Finally, claims of ineffective assistance must also be firmly founded in the record, *In re J.T.B.*, 2011 Tex. App. LEXIS 108, at *10–11, and the burden to prove them lies with the complaining party. *See In re M.S.*, 115 S.W.3d at 545.

An attorney is not ineffective *per se* for simply neglecting to move to dismiss a termination proceeding; there may well be a reasonable trial strategy underlying the decision. *See In re J.T.B.*, 2011 Tex. App. LEXIS 108, at *11. Here, nothing of record

illustrates why trial counsel did not ask the trial court to dismiss the suit for purported noncompliance with § 263.401 of the Family Code. Nor was counsel afforded an opportunity to reveal their motivation, if any. Yet, it is clear that J.D. and E.K. sought to extend the dismissal and trial date since they "need[ed] additional time to complete their services and to achieve employment stability." Having induced the court to delay trial, it may be that counsel wanted to avoid impugning their clients' *bona fides* by then complaining of the delay. If that were their motivation, we could not say it was unreasonable. Nevertheless, we can only speculate as to why neither parent moved to dismiss the suit. So, the complaint of J.D. and E.K. is not firmly founded in the record, and they failed to carry their burden of proof.

Accordingly, we overrule the issues and affirm the trial court's judgment terminating the parent-child relationship between J.D., E.K., and their biological child T.W.


Brian Quinn
Chief Justice