

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-18-00444-CV

———————————————

## IN THE INTEREST OF A.G.M. AND I.M., CHILDREN

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10,683; Honorable Stuart Messer, Presiding

March 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, A.V., appeals the trial court's order terminating his parental rights to his children, A.G.M. and I.M.[1]  By a sole issue, he challenges the sufficiency of the evidence to support the trial court's finding that termination was in his children's best interests.  We affirm.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).  *See also* TEX. R. APP. P. 9.8(b).  The mother's parental rights were also terminated but she did not appeal.

BACKGROUND

A.V. (father) and G.V. (mother) have two young children. G.V. has three other children who are not A.V.'s biological children. G.V. has a history with the Texas Department of Family and Protective Services. In mid-December 2016, the children, A.G.M. and I.M., tested positive for methamphetamine. G.V. claimed they were exposed to the drug by someone else. She later submitted to a hair strand drug screen test which showed positive results for amphetamines, cocaine, and methamphetamine. On January 4, 2017, the Department removed the children from G.V.'s care and commenced proceedings seeking termination of parental rights of both A.V. and G.V. That same date, the trial court named the Department temporary sole managing conservator of the children.

Throughout the proceedings, A.V. was never located. Service of citation was eventually accomplished by posting. His court-appointed counsel advised the court that he searched the Internet and the Texas Department of Criminal Justice and found no results. The caseworker testified that she also was unable to locate A.V. The Department conducted a search in the registry of paternity with no results for A.V. A *Certificate of Paternity Registry Search* for each child was filed indicating that after a diligent search of the registry, "no notice of intent to claim ha[d] been located . . . ." The caseworker had no relevant information about A.V. such as a date of birth or social security number. An attempt to locate A.V. through the Mexican Consulate also proved unsuccessful.

Regarding the children, the caseworker testified that it would be in their best interests to terminate A.V.'s parental rights for failing to register with the paternity registry because the children had never met him and had no relationship with him. When asked

2

if it would be in the children's best interests to name their mother, G.V., as sole managing conservator, she answered affirmatively.

At the conclusion of a very brief hearing, the trial court named G.V. as permanent managing conservator of A.G.M and I.M. and dismissed the Department from the case. The trial court signed an order adjudicating A.V. to be the children's father and terminated his parental rights pursuant to section 161.002(b)(1) of the Texas Family Code.[2] The trial court found by clear and convincing evidence that termination was in the children's best interests.

On behalf of A.V., his court-appointed trial counsel filed a motion for new trial challenging the legal and factual sufficiency of the evidence and also filed a timely notice of appeal. By a sole issue, A.V.'s appellate counsel argues that termination of his parental rights is not supported by sufficient evidence under the heightened standard of clear and convincing evidence. The Department responds that it is not required to prove that termination is in the children's best interests when termination is based on section 161.002(b)(1). We agree with the Department.

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional magnitude. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and

---

[2] Termination of an alleged father's rights is authorized if, after being served, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under chapter 160 of the Texas Family Code. TEX. FAM. CODE ANN. § 161.002(b)(1) (West Supp. 2018).

it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those parental rights. *In the Interest of C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In the Interest of E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

In a legal sufficiency challenge, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). However, the reviewing court should not disregard undisputed facts that do not support the verdict to determine whether there is clear and convincing evidence. *Id.* at 113. In cases requiring clear and convincing evidence, even evidence that does more than raise surmise and suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.* (citing *In the Interest of J.F.C.*, 96 S.W.3d at 266).

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *In the Interest of J.F.C.*, 96 S.W.3d at 266 (citing *In the Interest of C.H.*, 89 S.W.3d at 25). We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *In the Interest*

*of J.F.C.*, 96 S.W.3d at 266. In our review, we consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

BEST INTEREST

Generally, the Department is required to prove by clear and convincing evidence that termination of parental rights is in a child's best interest. § 161.001(b)(2). The Texas Supreme Court has set out other factors to consider when determining the best interest of a child. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

A.V. mentions each *Holley* factor and concludes the evidence is insufficient to justify the trial court's finding that termination of his parental rights was in his children's best interests. This case is, however, atypical. By the time of the final hearing, the children had already been in the Department's custody for almost two years[3] and had

---

[3] Prior to September 1, 2017, section 263.401 of the Family Code provided for dismissal of a termination proceeding upon the filing of a timely motion under section 263.402(b) if the trial court had not commenced the trial on the merits or granted an extension before the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 3, 2007 Tex. Gen. Laws 1837,1838. This court recognizes that section 263.401 was amended in 2017 to terminate the trial court's jurisdiction if a trial on the merits is not timely commenced before the dismissal date. TEX. FAM. CODE ANN. § 263.401(a), (c) (West Supp. 2018). The amendment became effective September 1, 2017; however, it applies only to suits filed after the effective date. Otherwise, the law in effect at the time suit was filed applies. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 33, 2017 Tex. Gen. Laws 713, 735.

In this case, the Department was named temporary sole managing conservator on January 4, 2017, and the dismissal date, after an extension, was July 7, 2018. The trial court did not commence the final termination hearing until December 7, 2018, almost two years after naming the Department as temporary sole managing conservator. Because no timely motion to dismiss the suit was filed as required by former section 263.402(b) (law in effect at the time suit was filed), automatic dismissal for want of the trial court's jurisdiction did not apply. *See* TEX. FAM. CODE ANN. § 263.401(c) (West Supp. 2018). *See also In re T.W.*, 557 S.W.3d 841, 844 (Tex. App.—Amarillo 2018, pet. denied).

been returned to their mother; however, A.V. had never been located. The need for prompt and permanent placement of the children in a stable home was a paramount consideration. The Department had already spent an inordinate amount of time attempting to locate A.V., all to no avail.

The Department has no burden to prove that termination is in a child's best interest when an alleged father fails to register with the paternity registry. § 161.002(b)(2).[4] Only when an alleged father admits paternity or files a counterclaim is the Department required to establish a predicate ground for termination as well as a child's best interest under section 161.001(b). Without such an admission or counterclaim, the trial court may summarily terminate an alleged father's parental rights. *See In the Interest of L.J.*, No. 14-00319-CV, 2015 Tex. App. LEXIS 427, at *5 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.); *In re D.R.L.*, No. 01-15-00733-CV, 2016 Tex. App. LEXIS 1702, at *35 (Tex. App.—Houston [1st Dist.] Feb. 18. 2016, no pet.) (mem. op.). *See also In the Interest of A.J.M.*, No. 04-17-00680-CV, 2018 Tex. App. LEXIS 2202, at *9 (Tex. App.—San Antonio March 28, 2018, pet. denied) (mem. op.) (holding that without any claim of paternity, formal or otherwise, alleged father did not prevent the summary termination of his parental rights under section 161.002). Accordingly, A.V.'s sole issue is overruled.

CONCLUSION

The trial court's order terminating A.V.'s parental rights to A.G.M. and I.M. is affirmed.

Patrick A. Pirtle<br>
Justice

---

[4] We observe that although termination of an alleged father under section 161.002(b)(1) does not require a best interest finding, the trial court nevertheless included a best interest finding in its final order.