AFFIRMED and Opinion Filed September 11, 2019



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-19-00329-CV

## IN THE INTEREST OF M.M., A CHILD

On Appeal from the 304th Judicial District Court
Dallas County, Texas
Trial Court Cause No. JC-17-01300-W

# MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

The Texas Department of Family and Protective Services filed this suit to terminate Father's parental rights as to M.M., his minor child. The trial court granted that relief after a jury trial.

Father appeals and raises six issues. We overrule them for the following reasons: (i) the trial court didn't violate the Family Code § 263.401 deadlines; (ii) Father hasn't shown that he received ineffective assistance of counsel; (iii) Father lacks standing to complain that an intervenor wasn't allowed to supplement her petition during trial; (iv) Father hasn't shown error or harm in the trial court's ruling admitting Father's murder conviction into evidence; and (v–vi) Father didn't preserve his evidentiary sufficiency challenges to certain jury findings. Accordingly, we affirm.

# I. BACKGROUND

## A.     Facts

We draw these facts from the trial evidence.

Mother and Father were in a long-term relationship and began living together shortly before their daughter M.M. was born in March 2011.  At that time Mother also had possession of two other children who were hers but not Father's.

In early November 2015, Father's mother (Grandmother) came to the United States from Greece, where she lived, for a visit.  Mother and Father were planning to get married later that month.

On Friday, November 13, 2015, Father left for work and took Grandmother with him. Mother took the three children to school and returned home.  She went into the kitchen, where someone shot and killed her.  The police eventually concluded that Father had arranged for two people to go to his home and murder Mother.  The suspected motive was that Father and Mother's relationship was troubled and Father didn't want to pay child support or lose any property when they separated.

## B.     Procedural History

On November 16, 2015, Child Protective Services received a referral that one of M.M.'s older siblings had been sexually abused by his father (not the appellant in this case).  During the CPS investigation, M.M. was temporarily placed with the Graces, who were a family that Mother and Father knew.

In February 2016, the Department filed a petition seeking temporary conservatorship of M.M.

In June 2016, Father was arrested for Mother's murder.

On December 22, 2017, the parties in the conservatorship case signed a Rule 11 agreement in which they agreed to nonsuit their various claims in the case. That same day, the trial court signed an agreed order granting the nonsuits, and the Department filed a new original petition commencing the instant suit for conservatorship of M.M. and termination of Father's parental rights.

The Graces filed an intervention petition asking the court to appoint them as M.M.'s joint managing conservators. Grandmother also filed an intervention petition asking the court to appoint her sole managing conservator.

In September 2018, Father was convicted of capital murder and sentenced to life imprisonment. We take judicial notice that he has appealed his conviction and his appeal is currently pending before this Court as No. 05-18-01200-CR.

In November 2018, the trial judge signed an order extending its jurisdiction in the instant case until July 5, 2019.

The case was tried before a jury in February 2019. The jury found by clear and convincing evidence that several predicate facts for termination were true and that terminating Father's parental rights was in M.M.'s best interest. The jury also found that the Department should be appointed M.M.'s managing conservator. The trial judge signed a judgment terminating Father's parental rights and appointing the Department as M.M.'s permanent managing conservator.

Father timely appealed.

## II. ISSUES

We summarize Father's six issues as follows:

1. This lawsuit violated the strict time mandates of Family Code § 263.401.

2. Father received ineffective assistance of counsel.

3. The trial court erred by denying Grandmother's motion for leave to file a supplemental petition in intervention and by striking the supplemental petition.

4. The trial court erred by admitting Father's conviction into evidence.

5. The evidence is legally and factually insufficient to support the jury's finding that termination was in M.M.'s best interest.

6. The evidence is legally and factually insufficient to support appointing the Department as M.M.'s managing conservator.

### III. ANALYSIS

**A. Issue One: Did the trial court violate Family Code § 263.401's deadlines by entertaining the Department's current lawsuit?**

No, there was no § 263.401 violation on the facts of this case because Father waived the deadline in the prior case and the trial commenced within the deadline in the refiled case.

Father argues that the agreed nonsuit of the prior case and the Department's refiling of essentially the same case violated the Family Code. Specifically, § 263.401 provides that, in certain family law cases filed by the Department, the trial court must commence trial on the merits within a year after the trial court renders an order appointing the Department as temporary managing conservator. *See generally* TEX. FAM. CODE § 263.401. The court can extend the deadline 180 days under certain circumstances. *Id.* § 263.401(b).

The legislature amended § 263.401 during the first conservatorship suit regarding M.M. The amendments took effect on September 1, 2017, and they apply only to cases filed on or after that date. *In re T.W.*, 557 S.W.3d 841, 843 n.2 (Tex. App.—Amarillo 2018, pet. denied) (citing Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 33, 2017 Tex. Gen. Laws 713, 735).

Under the version of § 263.401 governing the prior suit, the deadline was not jurisdictional, and the parties could waive it. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 641–42 (Tex. 2009) (orig. proceeding). Here, there's no showing that Father made a § 263.401 complaint during the prior suit, and Father signed a Rule 11 agreement agreeing that the prior suit

–4–

would be dismissed and the Department would "without delay" file a new suit affecting the parent–child relationship including a petition for termination of parental rights. Thus, Father waived any complaint that the prior suit ran longer than the statutory deadline. Because prior law allowed parties to waive the § 263.401 deadline, Father's argument that the Rule 11 agreement violated the statute is without merit.

Once a suit governed by § 263.401 is dismissed without prejudice, the Department may refile the suit and assert the same termination grounds as before. *In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The Department exercised that prerogative here after the first suit was dismissed without prejudice. The refiled suit was governed by current § 263.401, so the new deadline was jurisdictional, and dismissal would have been automatic if the court hadn't met the deadline. *See* FAM. § 263.401(a), (c). But Father hasn't posited or shown a § 263.401 violation in the current suit. The current suit was filed on December 22, 2017, and the trial court signed an order appointing the Department as M.M.'s temporary managing conservator on January 5, 2018. The trial court granted the statutory 180-day extension in November 2018, so the February 2019 trial was timely.

We reject Father's argument that the Rule 11 agreement and refiling violated § 263.401 and conclude that the § 263.401 deadlines started anew when the Department filed the current termination case. *See In re K.Y.*, 273 S.W.3d at 708.

We overrule Father's first issue.

**B.     Issue Two:  Did Father receive ineffective assistance of counsel that prejudiced his case?**

No. Father raises four arguments under this issue. Regarding the first three arguments, the record does not affirmatively demonstrate that counsel's conduct fell outside the wide range of reasonable professional assistance. Father's fourth argument is inadequately briefed.

### 1.    Applicable Law

An indigent parent has a statutory right to counsel in parental termination cases. *See In re A.F.*, No. 05-17-00392-CV, 2017 WL 4116945, at *3 (Tex. App.—Dallas Sept. 18, 2017, no pet.) (mem. op.).  That right includes the right to effective counsel. *Id.*

Ineffective assistance of counsel can be raised for the first time on appeal in termination cases. *Id.* at *5.

The appellant must show that (i) counsel made such serious errors that he or she didn't function as "counsel" guaranteed by the Sixth Amendment and (ii) the errors prejudiced the appellant, meaning they were so serious as to deprive the appellant of a fair trial whose result is reliable. *Id.* at *3.

We must give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*  Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record. *Id.*

The prejudice prong requires a showing that there is a reasonable probability that the result would have been different but for counsel's unprofessional errors. *Id.*  But we presume prejudice in certain circumstances, including when (i) an indigent parent was denied counsel at a "critical stage" of the litigation or (ii) counsel entirely failed to subject the Department's case to appropriate adversarial testing. *Id.* at *4.  The second basis for presumed prejudice requires that counsel "was not merely incompetent but inert"; bad lawyering will not support a presumption of prejudice. *In re K.B.*, No. 05-17-00428-CV, 2017 WL 4081815, at *7 (Tex. App.—Dallas Sept. 15, 2017, no pet.) (mem. op.).

## 2. Applying the Law to the Facts

The record shows that Father was indigent and had appointed counsel. Father argues that counsel was ineffective in four respects.

### a. Pleadings

Father first argues that his lawyer failed to file a pleading that would have allowed the court to make Grandmother and the Graces joint managing conservators or sole/possessory conservators. He argues that this failure harmed him by resulting in a jury charge that required the jury to pick only one managing conservator from among the Department, the Graces, and Grandmother. He also argues that we should presume prejudice because counsel's failure was an entire failure to subject the Department's case to adversarial testing.

But, as the Department argues, Father has not shown that he ever told his lawyer that allowing the Graces to participate in a joint conservatorship with Grandmother was an outcome he wanted. Instead, Father points to portions of his trial testimony in which he said that he thought Grandmother was M.M.'s best option but that M.M. might need to transition away from living with the Graces. Elsewhere in his testimony, however, Father's testified simply that he preferred M.M. to live with Grandmother, and, failing that, with Father's ex-wife or another friend. And Grandmother's intervention petition requested permanent or sole managing conservatorship of M.M., so the pleadings already raised some of Father's ostensibly preferred relief. In any event, we find no record evidence that Father ever told his lawyer that the pleadings didn't match Father's goals in the case, or that Father's lawyer failed to consult with him about the pleadings.

Because the record doesn't affirmatively demonstrate that counsel's handling of Father's pleadings fell outside the wide range of reasonable professional assistance, we reject Father's first argument.

### b. Rule 11 Agreement

Next Father argues that counsel was ineffective because counsel didn't advise him not to enter the Rule 11 agreement that led to the agreed nonsuit order dismissing the Department's first lawsuit regarding M.M. But Father refers us to nothing in the record substantiating this point. An ineffective assistance claim fails if the record doesn't affirmatively demonstrate that counsel's conduct fell outside the wide range of reasonable professional assistance. Here, the silent record doesn't affirmatively show that counsel failed to give Father reasonable professional assistance regarding the Rule 11 agreement. Thus, we reject Father's argument.

### c. Inadequate Time to Consult

Father's third argument is that he wasn't given enough time to consult with his lawyer during the trial. But in support he quotes portions of the record showing that both he and his lawyer asked the trial judge for more time to consult as the trial proceeded. The trial judge rejected those requests, saying that Father was getting the same amount of time to consult as the other parties in the case. Because the record doesn't affirmatively demonstrate that counsel's conduct in this regard fell outside the wide range of reasonable professional assistance, we reject Father's third argument.

### d. Failure to Object

Finally, Father asserts that counsel was ineffective because he didn't object to certain evidence. Father's brief states, without record references or any legal authorities aside from a one-sentence summary of Texas Rule of Evidence 401, that counsel should have objected to "documents from the criminal cases of Jesus Trevino and James Villeda" and to "documents involving Debbie Strait's criminal issues." Additionally, Father's brief doesn't address the prejudice element of ineffective assistance beyond a bare assertion that counsel's failure to object "led the jury to be overwhelmed by irrelevant 'bad' evidence."

To address this argument's merits, we would have to (i) guess which exhibits Father is complaining about and (ii) construct substantive arguments for him about whether relevancy objections under Rule 401 would have succeeded, whether failure to object could have been a reasonable trial strategy, and whether the evidence deprived him of a fair trial. We conclude that Father's fourth argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895–96 (Tex. App.—Dallas 2010, no pet.).

We overrule Father's second issue.

## C.    Issue Three: Did the trial court reversibly err by refusing to let Grandmother supplement her intervention petition?

Father lacks standing to assert his third issue because he wasn't injured by the striking of another's party's pleading.

In February 2018, Grandmother filed an original petition in intervention requesting that she be appointed M.M.'s sole managing conservator or permanent managing conservator. Voir dire began on February 4, 2019. On February 5, 2019, Grandmother filed a supplemental intervention petition asking the court to appoint her joint managing conservator or possessory conservator. The trial court considered the pleading the next morning and signed an order both denying Grandmother leave to file the supplemental petition and striking the supplemental petition.

Father argues that the trial court erred by striking Grandmother's supplemental intervention petition because (i) no parties would have been prejudiced by allowing the supplement and (ii) the issues raised in the supplement were tried by consent during Grandmother's opening statement.

The Department responds that Father lacks standing to complain about the striking of Grandmother's supplemental intervention petition.

We agree with the Department. An appellant may not complain of errors that do not injure him or that merely affect others' rights. *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999) (per curiam). Here, Father argues that the erroneous striking of

Grandmother's supplemental petition led to a jury charge that didn't include options such as joint conservatorship. But Father doesn't show that allowing Grandmother's supplementation would have benefited him, either regarding the jury questions directed at terminating his rights or in any other way. Thus, we conclude that Father lacks standing to raise his third issue, and we do not address its merits. *See In re J.P.*, 196 S.W.3d 434, 439 (Tex. App.—Dallas 2006, no pet.) (appellant whose parental rights were terminated lacked standing to appeal order striking intervention petition by appellant's sister).

**D.      Issue Four:   Did the trial court reversibly err by admitting Father's criminal conviction into evidence?**

No. We conclude that the trial court did not abuse its discretion by admitting Father's criminal conviction into evidence because it was relevant to an issue besides Father's character for truthfulness, namely M.M.'s best interest. *See In re Estate of Miller*, 243 S.W.3d 831, 836 (Tex. App.—Dallas 2008, no pet.) (evidentiary rulings are reviewed for abuse of discretion). Moreover, we conclude that Father has not shown harm. *See* TEX. R. APP. P. 44.1(a).

While Father was on the stand, the Department offered a copy of Father's conviction into evidence. Father's lawyer objected that the conviction was inadmissible because the conviction was on appeal. The trial court overruled the objection and admitted the evidence.

Father argues that the trial court erred under Texas Rule of Evidence 609(e). Rule 609(a) makes a witness's criminal conviction admissible to attack the witness's character for truthfulness if certain conditions are met. *See* TEX. R. EVID. 609(a). But Rule 609(e) provides, "A conviction for which an appeal is pending is not admissible under this rule." *Id*. 609(e). Father testified (albeit later that day, after his conviction had been admitted) that his conviction is on appeal.

The Department responds that Father's conviction was admissible for purposes other than attacking his truthfulness, such as showing whether placing M.M. with Father was in her best interest. We agree. *See Murray v. Tex. Dep't of Family & Protective Servs.*, 294 S.W.3d 360,

365, 369–70 (Tex. App.—Austin 2009, no pet.) (appellant's convictions for criminal mischief, marijuana possession, and burglary of a vehicle were relevant to his child's best interest).  Here, the trial court could reasonably conclude that Father's conviction for murdering M.M.'s mother was relevant to M.M.'s best interest.

Additionally, even assuming admitting the conviction was error, the record doesn't support a conclusion that it probably caused an improper judgment or probably prevented Father from properly presenting his appeal.  *See* TEX. R. APP. P. 44.1(a).  Before the Department offered Father's conviction into evidence, Father testified without objection that he was currently incarcerated, he had been tried for and convicted of murder, and his sentence was life without parole.  In light of this evidence, we cannot conclude that the judgment probably turned on the admission of the conviction itself.  *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995) ("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted."); *see also Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) (erroneously admitted evidence is harmless if it is "merely cumulative").

We overrule issue four.

### E.      Issue Five:  Was the evidence legally or factually insufficient to support the jury's finding that terminating Father's parental rights was in M.M.'s best interest?

We overrule this issue because Father didn't preserve error because he didn't file a new trial motion or use any procedure recognized as preserving legal sufficiency points.

Factual sufficiency issues must be preserved by new trial motion.  *See* TEX. R. CIV. P. 324(b)(2); *In re A.R.M.*, No. 05-17-00539-CV, 2018 WL 1559820, at *1 & n.1 (Tex. App.—Dallas Mar. 30, 2018, pet. denied) (mem. op.) (applying Rule 324 in a parental termination case).  The clerk's record does not contain a new trial motion, nor does the computer generated docket sheet indicate that any such motion was filed.  So Father did not preserve a factual sufficiency argument.

–11–

A legal sufficiency argument can be preserved by: (i) a motion for instructed verdict, (ii) a motion for judgment notwithstanding the verdict, (iii) an objection to a jury question's submission, (iv) a motion to disregard a jury's answer to a vital fact issue, or (v) a new trial motion. *In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *10 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). We have reviewed the record, and we find no indication that Father made any of these motions or objections. Accordingly, Father did not preserve a legal sufficiency argument. *See id.* (applying ordinary preservation rules to legal sufficiency challenge in a parental termination case).

**F.      Issue Six:   Was the evidence legally or factually insufficient to support the Department's appointment as managing conservator?**

We overrule this issue because Father didn't preserve error.

The jury was asked to select M.M.'s managing conservator from a list of three options: the Department, the Graces, or Grandmother. It found that the Department should be appointed M.M.'s managing conservator. The trial court rendered judgment on the verdict and appointed the Department as M.M.'s managing conservator. Father didn't make any of the motions or objections necessary to preserve legal or factual sufficiency of the evidence points. *See* Part III.E *supra*. Thus, we reject his arguments for lack of preservation. *See In re A.B.*, 548 S.W.3d 81 (Tex. App.—Beaumont 2018, no pet.) (holding that a party failed to preserve sufficiency issues on similar facts).

## IV.  CONCLUSION

We affirm the trial court's judgment.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.M., A CHILD

No. 05-19-00329-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-17-01300-W.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered September 11, 2019.