**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00393-CV**
_____

**IN THE INTEREST OF W.G.R.**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 59623**

**MEMORANDUM OPINION**

Following a bench trial, the trial court terminated Mother's parental rights to her child, W.G.R., based on Texas Family Code subsections 161.001(b)(1)(D), (E) and a finding that termination was in W.G.R.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (b)(2).[1] In two issues on appeal, Mother challenges whether the trial timely commenced on the merits and argues the trial court abused its discretion by allowing the foster parents to intervene in the suit involving W.G.R. We affirm the trial court's judgment.

---

[1]In parental rights termination cases, to protect the identity of the minor, we refer to the child and his family member by a pseudonym or initials. *See* Tex. R. App. P. 9.8(b)(2).

1

PROCEDURAL BACKGROUND

On August 31, 2018, the Department of Family and Protective Services ("the Department") filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting Parent-Child Relationship. The trial court entered a temporary order appointing the Department as temporary sole managing conservator of W.G.R. on September 4, 2018. On August 20, 2019, the Department filed a Motion to Retain Suit on Court's Docket and Set New Dismissal Date due to extraordinary circumstances necessitating that the Department remain as W.G.R.'s temporary managing conservator. The trial court granted the Department's request to retain the case and reset the original dismissal date of September 2, 2019 to February 29, 2020. On February 18, 2020, the trial commenced and after numerous continuances, the trial court did not finish hearing testimony until November 23, 2021.

On December 22, 2020, the foster parents filed a Petition in Intervention and Suit for Termination of Parental Rights and for Adoption, alleging that W.G.R had been placed under their direct care and control for a period exceeding twelve months and it was in W.G.R.'s best interest that they be appointed sole managing conservators of W.G.R. *See id*. §§ 102.003(a)(12), 102.004(b). The foster parents also argued that it was in W.G.R.'s best interest that the parental rights of the parents be terminated and that they adopt W.G.R. Mother filed a Motion to Strike Petition

2

for Intervention in which she argued that the Petition for Intervention was untimely because it was filed sixteen months after the Department's suit was filed and ten months after the trial began and would unjustifiably complicate the case by delaying the proceeding and adding an excessive multiplication of issues.

The trial court conducted a hearing on Mother's Motion to Strike, during which counsel for the foster parents argued that their intervention was timely, would not delay the trial or complicate matters in the case but would assist the trial court in determining the best interest of W.G.R. Mother's counsel argued that the intervention would complicate matters because the Department was not seeking to terminate Mother's parental rights.

The foster mother testified that W.G.R. began living in their home on December 17, 2019, but the Department did not formally place W.G.R. in their home until January 7, 2020. The foster mother testified that W.G.R. was in the Department's care over a year before he was placed with her and her husband, and W.G.R. has been in their home for over a year. The foster mother explained that they filed the intervention requesting termination as soon as they could so they could adopt W.G.R. The foster mother testified that W.G.R is doing great and that he has special needs due to his autism diagnosis. According to the foster mother, it was in W.G.R.'s best interest for them to adopt him. The foster mother also testified that they were alternatively seeking to be appointed W.G.R.'s permanent managing

3

conservator if the trial court did not terminate the parent's parental rights because the parents could not provide a safe and stable environment.

Cassie Boyd, a Department caseworker, testified that when the trial commenced on February 18, 2019, the Department sought to terminate the parental rights of Mother and Father. Boyd explained that the Department was no longer seeking to terminate Mother's parental rights because in the year since the trial began Mother has completed many of her services. Boyd also testified that it was not in W.G.R.'s best interest for either parent to be named managing conservator. Dorothy Stanley, the Guardian Ad Litem, testified that termination of the parental rights of Mother and Father is in W.G.R.'s best interest because it would free him up for adoption. The trial court denied Mother's Motion to Strike, finding that the foster parents had standing to intervene in the suit and a justiciable interest, and that the intervention would not delay the trial or complicate matters further.

The trial court terminated Mother's parental rights to her child, W.G.R., based on Texas Family Code subsections 161.001(b)(1)(D), (E) and a finding that termination was in W.G.R.'s best interest. *See id*. § 161.001(b)(1)(D), (E), (b)(2). The trial court appointed the Department as the permanent managing conservator of W.G.R. The Order of Termination states that the trial court heard the case "[o]n February 18, 2020 through November 23, 2021[.]" At the end of trial on November 23, 2021, the trial court stated that "I think we can all agree that a case, a trial should

4

never, ever go on this long." Mother filed a Motion for New Trial challenging the legal and factual sufficiency of the trial court's judgment. On appeal, Mother does not challenge the trial court's findings regarding the grounds for termination or its finding that termination of the parent-child relationship is in W.G.R.'s best interest. Therefore, the trial court's findings are binding on Mother. *See In re A.M.*, No. 02-21-00313-CV, 2022 WL 325473, at *3 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.).

## ANALYSIS

In issue one, Mother argues the trial court lost jurisdiction under Texas Family Code section 263.401 by failing to commence trial within one year of the trial court rendering a temporary order appointing the Department as the temporary managing conservator, thereby resulting in a void judgment. We review *de novo* issues that implicate a court's subject-matter jurisdiction. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). The Department filed its original petition on August 31, 2018, and therefore we apply the amendments to section 263.041(a) that took effect on September 1, 2017. *See In re H.B.C.*, No. 05-19-00907-CV, 2020 WL 400162, at *11 (Tex. App.—Dallas Jan. 23, 2020, no pet.) (mem. op.) (citing *In re M.M.*, No. 05-19-00329-CV, 2019 WL 4302255, at *2 (Tex. App.—Dallas Sept. 11, 2019, pet. denied) (mem. op.)); *In re T.W.*, 557 S.W.3d 841, 843 n.2 (Tex. App.—Amarillo 2018, pet. denied). The relevant portion of section 263.041 states:

> Unless the court has commenced trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order.

Tex. Fam. Code Ann. § 263.401(a). The dismissal deadline in section 263.401(a) is jurisdictional, and if the court fails to meet it, dismissal is automatic. *See id.*; *In re K.B.*, No. 09-19-00239-CV, 2019 WL 6598618, at *3 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.).

The record shows that the dismissal date was February 29, 2020, and that on February 18, 2020, the trial court called the case for trial and the attorneys for all parties were present and stated their appearances. The trial court noted the dismissal date of February 29 and stated that "[w]e will do just enough to legitimately commence on the merits. We'll take a little testimony and then recess until an agreed date. So with that, the dismissal deadline will go away." Father's attorney reported that Father was not present because he had surgery but did not object to the trial court commencing with the trial and then continuing to another date when Father could be present. Mother's attorney announced she was not ready for trial and explained that Mother knew about the trial date but was not present due to a

6

transportation issue. The trial court overruled Mother's announcement of not ready and commenced trial on the merits.

The Department called its first witness. Boyd testified that W.G.R. was doing very well in a foster home and that it was in W.G.R.'s best interest to remain in that placement. Boyd testified that the foster parents want to adopt W.G.R. The trial court then recessed the cause and reconvened on multiple later dates to continue the trial on the merits.

Mother argues that the trial court's actions on February 18, 2020, were insufficient to meet the requirement of section 263.401 and "were merely perfunctory, feigned, or superficial, undertaken solely or primarily for the purpose of avoiding an automatic statutory dismissal." Mother complains that the trial court did not resume the trial until May 27, 2021, over fifteen months later. According to Mother, the length of time is well beyond acceptable and not the intent of the Legislature when it enacted the dismissal deadline in section 236.401.

Here, the trial court called the case for trial on February 18, 2020, the parties made their announcements, and the Department called its first witness who briefly testified. Considering the facts in this case, we conclude the trial court commenced trial on the merits on February 18, 2020, and the trial court met the statutory deadline imposed by section 263.401(a). *See* Tex. Fam. Code Ann. § 263.401(a); *Interest of Z.S.*, 631 S.W.3d 313, 317-18 (Tex. App. Houston [14th Dist.] 2020, no pet.)

(concluding that trial commenced on the merits and that the Legislature could have addressed concerns about beginning a trial only to introduce minimal evidence before recessing in recent amendments); *Interest of R.J.*, 579 S.W.3d 97, 109-10 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (concluding that trial commenced where witnesses were sworn, parties announced ready to proceed, and witness for Department briefly testified); *see also Interest of N.F.*, No. 09-19-00435-CV, 2020 WL 2070286, at *14-15 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.) (concluding that trial commenced whether parties made their announcements, trial court heard pretrial motions, and Department called witness who briefly testified). Accordingly, the trial court did not lack jurisdiction under section 263.401(a), and we overrule Mother's first issue.

In issue two, Mother argues the trial court abused its discretion by allowing the foster parents to intervene in the suit involving W.G.R. Mother complains when the foster parents filed their petition to intervene ten months after the trial commenced W.G.R. had been placed in their home for less than a year. Mother further argues that the intervention further complicated the case and was unnecessary to protect the foster parents' interest because they requested the same relief as the Department.

"Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law." *In re M.K.S.–V.*, 301 S.W.3d

8

460, 463 (Tex. App.—Dallas 2009, pet. denied). Whether a party has standing is a question of law we review *de novo*. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *In Interest of E.C.*, No. 05-17-00723-CV, 2017 WL 6505867, at *2 (Tex. App.—Dallas Dec. 20, 2017, no pet.) (mem. op.). In determining whether the trial court improperly denied Mother's Motion to Strike the foster parents' petition to intervene, we must decide if the trial court abused its discretion. *See Spurck v. Tex. Dep't of Family and Protective Servs.*, 396 S.W.3d 205, 217 (Tex. App.—Austin 2013, no pet.). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding principles. *Interest of A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019) (citation omitted).

The Texas Family Code identifies the persons who possess general standing to file an original suit affecting the parent-child relationship and contains an express provision governing the circumstances under which a person may intervene in a pending suit affecting the parent-child relationship. *See* Tex. Fam. Code Ann. §§ 102.003(a), 102.004(b). The foster parents' petition to intervene, asserted standing under section 102.003(a)(12) of the Texas Family Code, which provides that "a person who is the foster parent of a child placed by the Department . . . in the person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition[.]" *Id.* § 102.003(a)(12). The foster parents' petition also asserted standing under section 102.004(b) of the Texas Family Code, which states:

. . . the court may grant a grandparent or other person, subject to the requirements of Subsection (b-1) if applicable, deemed by the court to have substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

*Id.* § 102.004(b). Subsection (b-1) provides that "[a] foster parent may only be granted leave to intervene under Subsection (b) if the foster parent would have standing to file an original suit as provided by Section 102.003(a)(12)." *Id.* § 102.004(b-1).

During the hearing on Mother's Motion to Strike, the foster mother testified that W.G.R. had been placed in their home for over a year, and the parties stipulated that W.G.R. was placed with the foster parents on December 17, 2019 and that the foster parents filed their petition more than twelve months after W.G.R.'s placement. The foster mother also testified that she and her husband had substantial past contact with W.G.R., who has special needs, and that neither parent could provide W.G.R. a safe and stable environment. Additionally, Boyd testified that it was not in W.G.R.'s best interest for either parent to be named as a managing conservator.

We conclude that the evidence presented at the hearing supports the trial court's finding that the foster parents had standing to intervene in the suit under section 102.003(a)(12) and sections 102.004(b) and (b-1). *See id.* §§ 102.003(a), 102.004(b), (b-1); *Interest of A.C.*, No. 10-15-00192-CV, No. 10-15-00193-CV,

2015 WL 6437843, at *9-10 (Tex. App.—Waco Oct. 22, 2015, no pet.) (mem. op.). Based on this record, we cannot say that the trial court abused its discretion by denying Mother's Motion to Strike. *See Interest of A.L.M.-F.*, 593 S.W.3d at 282; *Spurck*, 396 S.W.3d at 217. Accordingly, we overrule Mother's second issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on April 13, 2022
Opinion Delivered May 12, 2022

Before Golemon, C.J., Kreger and Horton, JJ.