Ebb B. Mobley, Attorney at Law, Longview, TX, for appellant.

Mark T. Zuniga, Office of General Counsel, Austin, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

**IN the INTEREST OF A.L., a Child.**

No. 06–15–00097–CV

Court of Appeals of Texas, Texarkana.

Submitted: February 3, 2016

Decided: February 10, 2016

### OPINION

Opinion by Justice Moseley

Following a jury trial, Mother's parental rights to her child, A.L., were terminated. On appeal, Mother argues that the evidence is legally and factually insufficient to support the jury's finding that termination of her parental rights was in the child's best interest. *See* TEX. FAM.CODE ANN.

§ 161.001(b)(2) (West Supp.2015). Because we find that Mother has failed to preserve these issues for appeal, we affirm the trial court's judgment.

 As a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court in either: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In Interest of C.Y.*, No. 02–15–00152–CV, 2015 WL 6394559, at *2 (Tex. App.–Fort Worth Oct. 22, 2015, no pet.) (mem.op.) (citing *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex.App.–Fort Worth 2005, no pet.)). Here, because Mother failed to challenge the legal sufficiency of the evidence supporting the jury's verdict in any of the manners specified above, or otherwise, we find that she has failed to preserve her legal sufficiency challenge for appeal.

Further, "[t]he Texas Rules of Civil Procedure specify that the filing of a motion for new trial is a prerequisite to present '[a] complaint of factual sufficiency of the evidence to support a jury finding.'" *In re O.M.H.*, No. 06–12–00013–CV, 2012 WL 2783502, at *2 (Tex.App.–Texarkana July 10, 2012, no pet.) (mem.op.) (quoting Tex.R. Civ. P. 324(b)(2); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex.1991)). Where, as here, there is no motion for new trial raising factual sufficiency challenges to the jury's verdict, "[f]actual sufficiency is not preserved for appeal." *Id.* (footnote omitted) (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003)); *see C.Y.*, 2015 WL 6394559, at *2; *In re J.V.*, No. 02–15–00036–CV, 2015 WL 4148500, at *1–2 (Tex.App.–Fort Worth July 9, 2015, no pet.) (mem.op.); *In*

*Interest of E.K.*, No. 13–14–00720–CV, 2015 WL 2353292, at *7–8 (Tex.App.–Corpus Christi May 14, 2015, no pet.) (mem. op.); *In re C.D.K.*, 64 S.W.3d 679, 681–82 (Tex.App.–Amarillo 2002, no pet.).

Mother's points of error regarding legal and factual sufficiency are overruled.

We affirm the trial court's judgment.