# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-17-00048-CV

---

**A. W. and R. R., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. 14-1433, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A.W. and R.R. appeal from the trial court's order terminating their parent-child relationship with their daughter, K.R.[1]  In two issues, A.W. contends that the evidence is legally and factually insufficient to support the termination of her parental rights.  In four issues, R.R. contends that the evidence is factually insufficient to support the termination of his parental rights.  We will affirm the trial court's order terminating A.W.'s and R.R.'s parental rights.

### DISCUSSION

To terminate the parent-child relationship, a court must find by clear and convincing evidence that: (1) the parent has committed one of the enumerated statutory grounds for termination and (2) it is in the child's best interest to terminate the parent's rights.  Tex. Fam. Code § 161.001(b).

---

[1]  To protect the privacy of the parties, we refer to the child and her parents by their initials. *See* Tex. Fam. Code § 109.002(d).

A.W. contends that the evidence is legally and factually insufficient to support the termination of her parental rights, while R.R. contends that the evidence is factually insufficient to support the termination of his parental rights. "The distinction between legal and factual sufficiency when the burden of proof is clear and convincing evidence may be a fine one in some cases, but there is a distinction in how the evidence is reviewed." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing the legal sufficiency of the evidence in a parental-rights-termination case, we consider all the evidence in the light most favorable to the jury's finding and determine whether a reasonable fact-finder could have formed a firm belief or conviction that its finding was true. *See id.*; *see also In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). When reviewing the factual sufficiency of the evidence, we view all of the evidence in a neutral light and determine whether a reasonable fact-finder could form a firm belief or conviction that a given finding was true. *In re C.H.*, 89 S.W.3d 17, 18–19 (Tex. 2002). We assume that the fact-finder resolved disputed facts in favor of its finding if a reasonable person could do so, and we disregard evidence that a reasonable fact-finder could have disbelieved or found incredible. *In re J.F.C.*, 96 S.W.3d at 266. Evidence is factually insufficient only if a reasonable fact-finder could not have resolved the disputed evidence in favor of its finding and if that disputed evidence is so significant that the fact-finder could not reasonably have formed a firm belief or conviction that its finding was true. *Id.*

### *A.W.*

The jury found by clear and convincing evidence that A.W. committed actions corresponding to at least one of the statutory grounds for termination found in subsections (D), (E), (M), and (O). *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (M), (O). The jury further found by

clear and convincing evidence that termination of A.W.'s rights was in K.R.'s best interest. *See id.* § 161.001(b)(2). In her first issue, A.W. challenges the legal and factual sufficiency of the evidence supporting the jury's finding that A.W. had satisfied a ground for termination. In her second issue, A.W. challenges the legal and factual sufficiency of the jury's best-interest finding.

To preserve a challenge to the legal sufficiency of evidence in a jury trial, a party must either (1) file a motion for instructed verdict, (2) file a motion for judgment notwithstanding the verdict, (3) object to the submission of the issue to the jury, (4) file a motion to disregard the jury's answer to a vital fact issue, or (5) file a motion for new trial; to preserve a challenge to the factual sufficiency of the evidence in a jury trial, a party must file a motion for new trial. *See Mason v. Texas Dep't of Family & Protective Servs.*, No. 03-11-00205-CV, 2012 WL 1810620, at *7 (Tex. App.—Austin May 17, 2012, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 324(b)(2), (3) ("A point in a motion for new trial is a prerequisite to the following complaints on appeal . . . (2) A complaint of factual insufficiency of the evidence to support a jury finding . . . (3) A complaint that a jury finding is against the overwhelming weight of the evidence . . . ."); *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991) ("A point in a motion for new trial is a prerequisite to complain on appeal that the evidence is factually insufficient to support a jury finding and that a jury finding is against the overwhelming weight of the evidence. 'No evidence' points may be raised by either (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue or (5) a motion for new trial.") (citations and footnote omitted); *In re J.B.*, No. 09-16-00442-CV, 2017 WL 2180682, at *7 (Tex. App.—Beaumont May 18, 2017, no pet. h.) (mem. op.); *In re A.L.*, 486 S.W.3d 129, 130 (Tex. App.—Texarkana 2016, no pet.); *Key v. Richards*, No. 03-14-00116-CV,

3

2016 WL 240773, at *5 (Tex. App.—Austin Jan. 13, 2016, no pet.) (mem. op.); *In re G.H.*, No. 02-14-00261-CV, 2015 WL 3827703, at *5 (Tex. App.—Fort Worth June 18, 2015, no pet.) (mem. op., en banc); *In re H.D.B.-M.*, No. 10-12-00423-CV, 2013 WL 765699, at *8 (Tex. App.—Waco Feb. 28, 2013, pet. denied) (mem. op.).

Nothing in the record before us indicates that A.W. filed a motion for new trial. Therefore, A.W. has not preserved her factual-sufficiency challenges. Arguably, A.W. has preserved her legal-sufficiency challenges concerning subsections (D), (E), and (O), because she objected to the submission of those grounds to the jury at the charge conference. However, nothing in the record before us indicates that A.W. objected to the submission of subsection (M) or the best-interest question to the jury or that she ever filed a motion for instructed verdict, a motion for judgment notwithstanding the verdict, or a motion to disregard the jury's answer to a vital fact issue. Therefore, we conclude that A.W. has not preserved her legal-sufficiency challenges to the jury's findings concerning subsection (M) or the best-interest finding. Only one ground under section 161.001(b)(1) is necessary to support a judgment in a parental-rights-termination case. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *Spurck v. Texas Dep't of Family & Protective Servs.*, 396 S.W.3d 205, 221 (Tex. App.—Austin 2013, no pet.). Because A.W. has not preserved any challenge to the jury's findings under subsection (M) or the best-interest finding, we overrule A.W.'s issues.[2]

---

[2] We also note that, even if A.W. had preserved her challenges to the jury's finding that she committed conduct satisfying subsection (M), her challenges would fail. Under subsection (M), a court may terminate parental rights if the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." Tex. Fam. Code § 161.001(b)(1)(M). Subsection (D) allows termination when a parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical

4

***R.R.***

In four issues, R.R. contends that the evidence was factually insufficient to support the jury's finding that R.R. committed actions corresponding to at least one of the statutory grounds for termination found in subsections (D), (E), (N), and (O). *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (N), (O).[3] Because only one ground under section 161.001(b)(1) is necessary to support the trial court's judgment, we will limit our discussion to subsection (E). *See Spurck*, 396 S.W.3d at 221.

Subsection (E) states that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." Tex. Fam. Code § 161.001(b)(1)(E). This subsection requires proof of child endangerment, i.e., exposing a child to loss or injury or jeopardizing a child's emotional or physical well-being. *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Endangerment does not need to be established as an independent proposition but may be inferred from parental

---

or emotional well-being of the child," and subsection (E) allows termination when a parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." *Id.* § 161.001(b)(1)(D), (E). At trial, the court admitted evidence that A.W. previously had her rights terminated to another child in Virginia. According to the termination order, the Virginia court found by clear and convincing evidence that "[t]he neglect or abuse suffered by such child presents a serious and substantial threat to his or her life, health or development; and [i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his or her parent within a reasonable time." We conclude that the Virginia court order indicates that the court terminated A.W.'s parental rights because of conduct that would satisfy subsection (D) or (E) in Texas. While A.W. argues that the Department failed to produce expert testimony that the findings of the Virginia court would satisfy subsection (D) or (E), she cites no authority for the proposition that expert testimony is required. We see no reason why the jury, and this Court, could not conclude that the "neglect or abuse" that presented "a serious and substantial threat" to the "life, health or development" of A.W.'s child would constitute endangerment in Texas.

[3] R.R. preserved his factual-sufficiency challenges by raising them in a motion for new trial. *See* Tex. R. Civ. P. 324(b)(2). On appeal, R.R. has not challenged the jury's best-interest finding.

5

misconduct alone. *Id.* To constitute endangerment under subsection (E), the parent's conduct need not be directed at the child. *In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012). Conduct may endanger a child even if it does not cause the child to suffer actual injury. *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996) (quoting *Boyd*, 727 S.W.2d at 533).

Although a parent's incarceration, standing alone, will not support a finding of endangerment, the fact-finder may consider it as a factor in determining whether the parent has engaged in a course of conduct that endangers the child. *See In re M.C.*, 482 S.W.3d 675, 685 (Tex. App.—Texarkana 2016, pet. denied) ("[W]hile we recognize that imprisonment, standing alone, is not conduct which endangers the physical or emotional well-being of the child, intentional criminal activity which expose[s] the parent to incarceration is relevant evidence tending to establish a course of conduct endangering the emotional and physical well-being of the child.") (internal quotation marks omitted); *In re B.C.S.*, 479 S.W.3d 918, 926 (Tex. App.—El Paso 2015, no pet.) ("Evidence of criminal conduct, convictions, and imprisonment and its effect on a parent's life and ability to parent may establish an endangering course of conduct."); *In re M.D.S.*, 1 S.W.3d 190, 199 (Tex. App.—Amarillo 1999, no pet.) ("If the evidence, including the imprisonment, shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under [subsection (E)] is supportable.").

A parent's criminal background is particularly relevant if it demonstrates a tendency towards violence, especially violence against family members. *See D.N. v. Texas Dep't of Family & Protective Servs.*, No. 03-15-00658-CV, 2016 WL 1407808, at *2 (Tex. App.—Austin Apr. 8, 2016, no pet.) (mem. op.) ("[D]omestic violence may constitute endangerment, even if the violence is not directed at the child."); *In re A.A.*, No. 06-14-00060-CV, 2014 WL 5421027, at *3 (Tex.

6

App.—Texarkana Oct. 23, 2014, no pet.) (mem. op.) ("Domestic violence, want of self-control, and the propensity for violence may be considered as evidence of endangerment."); *In re T.G.R.-M.*, 404 S.W.3d 7, 14 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Another factor that may contribute to an environment that endangers a child's well-being is a parent's abusive or violent criminal conduct . . . . Evidence that a parent previously has engaged in abusive conduct allows an inference that the parent's violent behavior will continue in the future."); *In re S.M.*, 389 S.W.3d 483, 492 (Tex. App.—El Paso 2012, no pet.) ("Evidence that a person has engaged in abusive conduct in the past permits an inference that the person will continue violent behavior in the future.").

When determining whether a parent has engaged in an endangering course of conduct, a fact-finder may consider the parent's actions and inactions that occurred both before and after the child was born. *See D.M. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00137-CV, 2017 WL 2628949, at *3 (Tex. App.—Austin June 13, 2017, no pet. h.) (mem. op.); *In re M.C.*, 482 S.W.3d at 685 ("The conduct to be examined includes what the parent did both before and after the child was born.") (internal quotation marks omitted); *In re B.C.S.*, 479 S.W.3d at 926 (same); *In re S.M.*, 389 S.W.3d at 491–92 ("[I]n considering whether a relevant course of conduct has been established, a court properly may consider both actions and inactions occurring both before and after a child's birth."); *In re C.A.B.*, 289 S.W.3d 874, 886 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("If a parent abuses the other parent or children, that conduct can support a finding of endangerment even against a child who was not yet born at the time of the conduct."); *In re M.J.M.L.*, 31 S.W.3d 347, 351 (Tex. App.—San Antonio 2000, pet. denied) ("[W]hile knowledge of paternity is a prerequisite to a showing of knowing placement of a child in an endangering

7

environment, it is not a prerequisite to a showing of a parental course of conduct which endangers a child under [subsection (E)].").

Here, the Department presented evidence that R.R. had previously been convicted of the felony offenses of assault family violence and unlawful possession of a firearm by a felon.[4] The Department also presented evidence that a court had found R.R. in contempt "for failure to make court-ordered child support and/or medical support payments" and had ordered that R.R. be committed to the county jail for 180 days. At trial, R.R. testified that he had been incarcerated for about six months prior to trial. In addition, A.W. testified that domestic violence had occurred between her and R.R. and that R.R. was "physically abusive" to her "[h]ere and there" during their relationship. Furthermore, the Department initially began investigating R.R. and A.W. for neglectful supervision because of an incidence of domestic violence between them.

The Department also produced the report of a psychological evaluation performed on A.W. in connection with this case. In the report, the medical professional states that "[A.W.] reported that she was hospitalized on one occasion after a physical altercation with [R.R.]" and that A.W. further stated, "A couple times I was pregnant with my son and [R.R.] and I got into it. He was pushing me. One time he tried to choke me and I went to the ER." Although R.R. denied at trial that he had choked A.W., the jury could have disbelieved his testimony. *See City of Keller v.*

_____

[4] In its brief, the Department refers to additional convictions of R.R.'s and argues that they support the jury's finding under subsection (E). At best, the Department's argument is incorrect, and, at worst, it is misleading. The trial court refused to admit these additional convictions into evidence, and they are only in the appellate record because the Department made an offer of proof. The Department has not brought a cross-appeal challenging the trial court's evidentiary rulings. Instead, it merely refers to these convictions as though they were part of the record. We will not consider these additional convictions in our analysis.

*Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) ("Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony."); *In re A.L.H.*, 515 S.W.3d 60, 80 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("We are mindful in both [legal-sufficiency and factual-sufficiency review] that the jury, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony.").

Viewing all of the evidence in a neutral light, we conclude that the jury could have reasonably formed a firm belief or conviction that R.R. had endangered K.R. *See* Tex. Fam. Code § 161.001(b)(1)(E); *see also In re A.A.*, 2014 WL 5421027, at *4 ("Here, the evidence paints a picture of a long history of irresponsible choices which were ultimately detrimental to the emotional and physical well-being of Scott's children."). We further determine that there was no disputed evidence so significant that the jury could not reasonably have formed a firm belief or conviction that its finding was true. Therefore, we conclude that the evidence is factually sufficient to support the termination of R.R.'s parental rights under subsection (E). Accordingly, we overrule R.R.'s second issue. Moreover, because only one ground under section 161.001(b)(1) is necessary to support the trial court's judgment, we need not address R.R.'s issues concerning the other grounds for termination. *See Spurck*, 396 S.W.3d at 221.

## CONCLUSION

We affirm the trial court's order terminating A.W.'s and R.R.'s parent-child relationship with K.R.

9

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   July 14, 2017