In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-17-00365-CV
_____

### IN THE INTEREST OF A.B.

---

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-03-03583-CV**

---

### OPINION

In this accelerated appeal, appellant S.B. ("Susan") appeals from the trial court's order in a suit affecting the parent-child relationship, entered after a jury trial, appointing an intervening nonparent as the sole managing conservator of Susan's child, A.B., and appointing Susan as the possessory conservator.[1] In two issues, Susan argues that the evidence is legally and factually insufficient to support the jury's finding that a nonparent should be appointed managing conservator of A.B.,

---

[1]To preserve the parties' privacy and for convenience, we refer to the parties by fictitious names and to the child by her initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2017); Tex. R. App. P. 9.8.

and that she received ineffective assistance of counsel. We affirm the trial court's judgment.

BACKGROUND

In March 2016, the Department of Family and Protective Services ("the Department") filed a petition for the protection of a child, for conservatorship, and for termination. A.B. was one of the children subject to the suit. According to the Department's petition, the Department took possession of A.B. after the Department received a referral alleging neglectful supervision, ongoing violence in the home, and that Susan had untreated mental health issues and was using methamphetamines. The Department requested that it be appointed as the temporary sole managing conservator of A.B., and if A.B. could not be reunited with either parent, that the trial court appoint a relative or other suitable person as permanent sole managing conservator of A.B. The Department also requested that Susan's parental rights to A.B. be terminated if reunification could not be achieved.

After a full adversary hearing, the trial court appointed the Department as the temporary managing conservator of A.B., and found that it was in the best interest of A.B. to limit Susan's rights and duties as temporary possessory conservator. The trial court ordered Susan to submit to a home study and comply with the Department's service plan during the pendency of the suit. The trial court also

2

ordered A.B.'s father, A.L.B. Jr. ("Alan"), to comply with a family service plan. Susan and Alan filed counterpetitions for conservatorship, requesting that the trial court appoint them, among other things, as joint managing conservators with the right to determine A.B.'s domicile. During a permanency hearing, the trial court found that A.B.'s parents were unable to provide A.B. with a safe environment, ordered A.B. placed in foster care, and ordered A.B.'s parents to have supervised visitation.

After Susan requested a jury trial, A.B.'s biological half-sister, H.S. ("Holly"), filed a petition in intervention in the suit and for sibling access, requesting that she be appointed the sole managing conservator of A.B. J.M. ("James"), a blood relative of A.B., also filed a petition in intervention for conservatorship and requested that he be appointed sole managing conservator. The case proceeded to trial, and the jury was asked whether the Department, Susan, Holly, or James should be appointed managing conservator. The jury found that Holly should be appointed managing conservator of A.B. The trial court issued a final order appointing Holly as sole managing conservator of A.B. and Susan as possessory conservator. Susan appealed.

## ANALYSIS

In issue two, which we address first, Susan argues that the evidence is legally and factually insufficient to support the jury's finding that Holly should be appointed

3

as the sole managing conservator of A.B. Our review of the record indicates that Susan did not preserve her legal and factual sufficiency complaints for our review.

Rule 324 of the Texas Rule of Civil Procedure requires a motion for new trial to preserve a complaint of factual sufficiency of the evidence to support a jury finding. Tex. R. Civ. P. 324(b)(2), (3). In a jury trial, a legal sufficiency issue must be preserved by filing one of the following in the trial court: a motion for instructed verdict; a motion for judgment notwithstanding the verdict; an objection to the submission of the question to the jury; a motion to disregard the jury's answer to a vital fact question; or a motion for new trial. *See Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991); *In the Interest of T.L.P.*, No. 09-13-00220-CV, 2013 WL 5874630, at *2-3 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.). The record shows that Susan failed to file the required motions and objections to preserve her legal and factual sufficiency complaints. *See* Tex. R. Civ. P. 324(b)(2), (3); *In the Interest of T.L.P.*, 2013 WL 5874630, at *2-3. Susan also does not argue in her brief that trial counsel unjustifiably failed to preserve her legal sufficiency issue. *See In the Interest of J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005). Because Susan waived these complaints, we overrule issue two. *See* Tex. R. App. P. 33.1(a).

In issue one, Susan complains that she received ineffective assistance of counsel that resulted in the jury appointing Holly as managing conservator of A.B.

In support of her argument, Susan argues that the Texas Supreme Court has held that there is a statutory right to effective assistance of counsel for indigent persons in parental-rights termination cases. *See In the Interest of M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). Susan does not cite to any authority supporting her claim that the right to effective assistance of counsel extends to cases that only resolve conservatorship issues.

Although the Department's petition sought the termination of Susan's parental rights if reunification with Susan could not be achieved, the Department did not seek, and the jury did not find at trial, that Susan's parental rights to A.B. should be terminated.[2] The record shows that the parties only submitted one question to the jury: "Who should be appointed managing conservator of the child, [A.B.]?" The case tried to the jury was one of conservatorship, not termination, and because there is no constitutional or statutory provision granting a right to appointed counsel in cases resolving the managing conservatorship of a child, we decline to extend a right to effective assistance of counsel to the dispute in this case. *See In the Interest of G.J.P.*, 314 S.W.3d 217, 221-24 (Tex. App.—Texarkana 2010, pet. denied). Further,

[2] Although the Department's original petition sought the termination of Susan's parental rights, the record shows that the Department did not seek termination at trial. The record further shows that the intervenors abandoned their termination pleadings and that all the parties agreed that termination was not an issue for trial.

no motion for new trial was filed, and the record before us is insufficient to show that counsel's performance was ineffective. We overrule issue two. Having overruled both of Susan's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 17, 2018
Opinion Delivered March 22, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.