

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00231-CV

IN THE INTEREST OF K.L., B.L., A.L., AND C.L., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 71,833-L1, Honorable Richard Dambold, Presiding

November 26, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellants, Jane (mother) and Larry (father),[1] appeal the termination order severing their parental rights to K.L., B.L., A.L., and C.L. Jane raises two issues which challenge the legal and factual sufficiency of the evidence to support the statutory grounds for termination and the best-interest ground. Larry contends through a single issue that the evidence was legally and factually insufficient to find termination is in the best interests of the children. We affirm.

*Background*

---

[1]Jane and Larry are pseudonyms for the appealing parents and will be referred to by these names throughout.

This appeal involves the termination of both parents' parental rights after a jury trial.  The jury was charged on the law regarding Texas Family Code § 161.001(b)(1).  It found that termination was 1) warranted under Texas Family Code § 161.001(b)(1)(D), (E), and (O), and 2) in the best interests of the children.  Judgment was entered upon the verdict.

*Legal and Factual Sufficiency*

Both parents challenged the legal and factual sufficiency of the evidence underlying the jury's findings to terminate.  Their challenges, however, were not preserved for review.  In an appeal from a jury trial, a legal sufficiency issue must be preserved through one of the following procedural steps performed in the trial court: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial.  *In re J.P.B.*, 2-04-026-CV, 2005 Tex. App. LEXIS 1159, at *10-11 (Tex. App.—Fort Worth Feb. 10, 2005), *aff'd in part, rev'd in part on other grounds*, 180 S.W.3d 570 (Tex. 2005) (per curiam) (mem. op.); *accord In re P.L.*, 07-18-00157-CV, 2018 Tex. App. LEXIS 6770, at *10-11 (Tex. App.—Amarillo Aug. 23, 2018, no pet.) (mem. op.); *In re A.B.*, 548 S.W.3d 81, 83-84 (Tex. App.—Beaumont 2018, no pet.); *In re C.L.*, No. 07-14-00180-CV, 2014 Tex. App. LEXIS 11104, at *11 (Tex. App.—Amarillo Oct. 7, 2014, no pet.) (mem. op).  To preserve a factual insufficiency claim for review, the complaint must first be included within a motion for new trial.  TEX. R. CIV. P. 324(b)(2),(3); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *In re P.L.*, 2018 Tex. App. LEXIS 6770, at *10-11.  None of those motions were filed by either parent here.  Nor did

they allege that their trial counsel was ineffective for failing to do so. Therefore, their issues were waived.

Nonetheless, we reviewed the record. Even if the legal and factual sufficiency complaints had been preserved, we would have to overrule both. The record contains more than ample evidence to support termination when viewed under the magnifying glass discussed in *In re K.M.L.*, 443 S.W.3d 101 (Tex. 2014), and *In re E.T.*, No. 07-18-00254-CV, 2018 Tex. App. LEXIS 7624 (Tex. App.—Amarillo Sept. 18, 2018, no pet. h.) (mem. op.).

Accordingly, we affirm the final order of termination.


Brian Quinn
Chief Justice