

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00455-CV

**IN THE INTEREST OF J.A.V., JR.**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-00111
Honorable Monique Diaz, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: December 18, 2019

AFFIRMED

Appellant Mother R.V. appeals the termination of her parental rights to her thirteen-year-old son J.A.V., Jr.[1] At trial, the jury found that termination of the parent-child relationship between Appellant Mother R.V. and J.A.V., Jr. was in his best interest.[2] Based on these findings, the trial court ordered that the parent-child relationship between Appellant Mother R.V. and J.A.V., Jr. be terminated. On appeal, Appellant Mother R.V. argues the evidence at trial was legally and factually insufficient to support the jury's finding that termination of her parental rights to J.A.V., Jr. was

---

[1] To protect the identity of the minor child, we refer to the parties by fictious names, initials, or aliases. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] The jury also found that termination of the parent-child relationship between Appellant Mother R.V. and her sixteen-year-old daughter Y.M. was in Y.M.'s best interest. Appellant Mother R.V. has not appealed the termination of her parental rights to her daughter Y.M.

in his best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). In response, the State argues Appellant Mother R.V. has failed to preserve her sufficiency issues for appellate review. We agree.

"As a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court in either: (1) a motion for instructed verdict;[3] (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re A.L.*, 486 S.W.3d 129, 130 (Tex. App.—Texarkana 2016, no pet.) (citation omitted); *see also In re A.R.G.-A.*, No. 06-18-00103-CV, 2019 WL 1212723, *2 (Tex. App.—Texarkana Mar. 15, 2019, no pet.) (mem. op.) (same); *In re A.B.*, 548 S.W.3d 81, 83 (Tex. App.—Beaumont 2018, no pet.) (same). Because Appellant Mother R.V. failed to challenge the legal sufficiency of the evidence supporting the jury's best-interest finding in any of the manners specified above, or otherwise, we hold she has failed to preserve her legal sufficiency challenge for appeal. *See In re A.L.*, 486 S.W.3d at 130 (holding appellant failed to preserve legal sufficiency challenge to jury's finding that termination of her parental rights was in child's best interest); *In re R.L.A.*, No. 12-12-00317-CV, 2013 WL 1092210, at *2 (Tex. App.—Tyler 2013, no pet.) (mem. op.) (same).

Further, to preserve a complaint on appeal about the factual sufficiency of the evidence to support a jury finding, a party must file a motion for new trial in the trial court. *See* TEX. R. CIV. P. 324(b)(2), (3); *In re A.L.*, 486 S.W.3d at 130; *In re A.J.L.*, 136 S.W.3d 293, 301 (Tex. App.—

---

[3] The record reflects that Appellant Mother R.V.'s trial counsel moved for an instructed verdict regarding the sufficiency of her voluntary relinquishment of her parental rights to her daughter Y.M. Her trial counsel, however, made no such motion regarding the jury's finding that termination of her parental rights was in her son J.A.V., Jr.'s best interest. The complaint brought on appeal must be the same as that presented in the trial court. *In re C.Y.*, 2015 WL 6394559, at *2 (Tex. App.—Fort Worth 2015, no pet.); *see* TEX. R. APP. P. 33.1. Because Appellant Mother R.V.'s sufficiency complaint about the jury's best-interest finding regarding her son J.A.V., Jr. was not the same one she made in her motion for instructed verdict, her motion for instructed verdict did not preserve her sufficiency complaint on appeal. *See id*. at *3.

Fort Worth 2004, no pet.). Here, however, Appellant Mother R.V. did not file a motion for new trial raising factual sufficiency of the evidence to the jury's best-interest finding. Therefore, she has not preserved her factual sufficiency complaint for appellate review. *See In re A.B.*, 548 S.W.3d at 84; *In re A.L.*, 486 S.W.3d at 130.

We affirm the trial court's order terminating Appellant Mother R.V.'s parental rights.

Liza A. Rodriguez, Justice