

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00047-CV

---

IN THE INTEREST OF R.W., A CHILD

---

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2022-064

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

The Department of Family and Protective Services filed a petition to terminate Mother's parental rights to her son, R.W.[1]  Following a jury trial, the trial court terminated Mother's parental rights in accordance with the jury's findings that (1) she knowingly placed or knowingly allowed R.W. to remain in conditions or surroundings that endangered R.W.'s physical or emotional well-being, (2) she engaged in conduct or knowingly placed R.W. with persons who engaged in conduct that endangered R.W.'s physical or emotional well-being, (3) she failed to support R.W. in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition, (4) she constructively abandoned R.W., who was in the permanent or temporary managing conservatorship of the Department for not less than six months, and (5) she failed to comply with the provisions of a court order that specifically established the actions necessary for Mother to obtain R.W.'s return when R.W. had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of R.W.'s removal from Mother under Chapter 262 for the abuse or neglect of R.W.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (F), (N), (O).  The jury found that termination was in R.W.'s best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(2).

On appeal, Mother contends that the evidence is legally and factually insufficient to support termination under grounds (D), (E), and (O) and further contends that termination was not in R.W.'s best interest.  Because we find Mother failed to preserve these issues for our review, we affirm the trial court's judgment.

---

[1]To protect the confidentiality of the child involved, we refer to him by initials and refer to appellant as Mother. *See* TEX. R. APP. P. 9.8(b)(2).

## I. Background

Anna Black, a Department investigator, executed an affidavit for R.W.'s emergency removal from the hospital after he was born five weeks early with oxycodone in his system. Black's affidavit, which was admitted into evidence without objection, stated that R.W. was born prematurely on February 6, 2022. Due to his in-utero exposure to drugs, R.W. suffered withdrawal symptoms and was placed on oxygen. He also had a nasogastric tube for feeding. R.W.'s paternal grandparents took him home from the hospital under the Department's conservatorship.

Mother had a prescription for oxycodone, which permitted her to take six pills per day, and that is, for the most part, the amount Mother consumed. Even though she was pregnant, Mother continued to take the oxycodone. When R.W. suffered withdrawal symptoms following his birth, Mother wanted the hospital medical staff to give him morphine to cope with his withdrawal symptoms. The medical staff declined to follow that suggestion.

In its permanency conference plan, which was admitted into evidence without objection, the Department indicated that it was unable to determine if Mother was taking her oxycodone as prescribed. The plan also indicated that R.W. was exposed to opiates and methamphetamine while in utero.

At trial, Mother admitted that she tested positive for amphetamine, methamphetamine, and oxycodone in December 2021, two months before R.W. was born. Mother claimed her positive methamphetamine test was due to environmental exposure. Mother tested positive for oxycodone, morphine, opiates, and oxymorphone in June 2022. On October 17, 2022, Mother

3

again tested positive for methamphetamine. The Department asked Mother to test from October 2022 into 2023, but Mother refused to submit to further drug testing. As a result of Mother's noncompliance with continued drug testing, the trial court suspended her visitation rights. Mother admitted that her failure to take drug tests after October 2022 had taken her away from R.W.

Mother denied having a history of substance abuse but admitted that she had a problem with drug use within the duration of this case. In fact, in her previous case (involving her three middle children), Mother tested positive for methamphetamine in April 2021.

In November 2021, while Mother was pregnant with R.W., she was arrested for possession of a penalty group 3 controlled substance and for possession of synthetic urine. After having pled guilty, Mother was placed on twelve months' deferred adjudication community supervision. Mother's community supervision was revoked because she tested positive for methamphetamine in January and February 2023. She was thereafter adjudicated guilty in April 2023 and sentenced to 300 days confinement in the Smith County Jail. At the time of trial, Mother was serving her jail sentence.

At trial, Mother admitted that, after she was placed on community supervision in January 2023, she continued to test positive for methamphetamine. Mother also admitted that, if R.W. was with her, her drug use would put him at risk. Mother claimed, though, that she was no longer using drugs.

Mother's psychological evaluation, admitted into evidence without objection, stated that Mother took oxycodone for back pain and used methamphetamine and cocaine as well. The

4

evaluation also stated that Mother's middle three children were removed from her care because of alleged drug abuse and included accusations that Mother physically abused and neglected her middle three children. One of her middle three children tested positive for methamphetamine.

Mother completed an assessment by the East Texas Council on Drug and Alcohol Abuse (ETCADA) on February 21, 2022, which indicated that, according to her answers, Mother did not meet the criteria for substance abuse. Before the assessment, Mother had been arrested for possession of a controlled substance, and there was evidence to suggest that she had used methamphetamine, both of which suggested that Mother was not truthful in her assessment.

## II. Mother Failed to Preserve Her Complaints of Legal and Factual Insufficiency

In her first three points of error, Mother complained that the evidence was legally and factually insufficient to terminate her parental rights under grounds (D), (E), and (O) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O). In her final point of error, Mother complained that the evidence was legally and factually insufficient to support the jury's best-interest finding. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(2).

As this Court has previously stated,

> As a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court in either: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial."

*In re D.T.*, 593 S.W.3d 437, 439 (Tex. App.—Texarkana 2019), *aff'd*, 625 S.W.3d 62 (Tex. 2021) (quoting *In re A.L.*, 486 S.W.3d 129, 130 (Tex. App.—Texarkana 2016, no pet.)). In this case, Mother failed to challenge the legal sufficiency of the evidence by any of the above-listed

methods, or otherwise. As a result, Mother has failed to preserve her challenges to the legal sufficiency of the evidence.

In addition, "[p]reservation of a factual-sufficiency challenge requires a motion for new trial." *In re D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021). In this case, Mother did not file a motion for new trial challenging the factual sufficiency of the evidence, or otherwise. As a result, Mother has failed to preserve her challenges to the factual sufficiency of the evidence. We, therefore, overrule Mother's points of error, all of which are based on evidentiary sufficiency.[2]

## IV.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     September 19, 2023
Date Decided:       September 22, 2023

---

[2]In the "summary of the argument" section of Mother's brief, she claims that the evidence was legally and factually insufficient to support termination on grounds (N) and (O) as well. Mother did not brief these issues. Even so, they are not preserved for our review for the same reasons Mother's other complaints have not been preserved. Mother also claims that this Court should strike termination grounds (F) and (N) because those grounds were not pled by the Department. Although Mother did not brief this issue, it is mooted by our conclusion that Mother failed to preserve her legal and factual sufficiency challenges to grounds (D) and (E) and the jury's best-interest finding.