

# NUMBER 13-24-00009-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF E.M. AND W.S., CHILDREN

---

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF BEE COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Peña
### Memorandum Opinion by Justice Peña

Appellant Wilbert[1] challenges the trial court's order involuntarily terminating his parental rights to his biological son, W.S.[2] *See* TEX. FAM. CODE ANN. § 161.001(b). By one issue, Wilbert argues that the evidence is legally and factually insufficient to support a

---

[1] We follow the convention adopted by both parties in their briefs of referring to Appellant by the pseudonym "Wilbert." See TEX. R. APP. P. 9.8(b)(2) (requiring use of a fictitious name in referring to a minor's parent if necessary to protect the minor's identity in a parental-rights termination case).

[2] We refer to the minor child by his initials to protect his identity. *See* TEX. R. APP. P. 9.8(b)(2). E.M., Wilbert's stepson, is included in the order of termination, but is not Wilbert's biological son, and is not a subject of the underlying jury trial or appeal in this case.

finding that termination of his parental rights was in the best interest of W.S. We affirm.

## I.     BACKGROUND

Following a jury trial, Wilbert's parental rights to his child, W.S., were terminated. Neither before or after the jury returned its verdict did Wilbert make: a motion for new trial, a motion for instructed verdict, an objection to the submission of a question in the jury charge, a motion for judgment notwithstanding the verdict, or a motion to disregard the jury's answer to a question in the verdict. On appeal, Wilbert argues that the evidence is legally and factually insufficient to support the jury's finding that termination was in the child's best interest.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

Following a jury trial, a challenge to the legal sufficiency of the evidence must be preserved in one of five ways: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re D.T.*, 593 S.W.3d 437, 439 (Tex. App.—Texarkana 2019), *aff'd*, 625 S.W.3d 62 (Tex. 2021) (citations omitted); *see* TEX. R. APP. P. 33.1(a); *see also In re C.S.*, No. 13-13-00095-CV, 2013 WL 3895818, at *6 (Tex. App.—Corpus Christi–Edinburg July 25, 2013, no pet.) (mem. op.) (same). Further, the rules of civil procedure require that a party file a motion for new trial as a prerequisite for a "complaint of factual insufficiency of the evidence to support a jury finding." TEX. R. CIV. P. 324(b)(2); *see In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (applying rule of civil procedure 324 to parental termination case) (citing *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991)). "[A]llowing appellate review of unpreserved error would undermine the

Legislature's intent that cases terminating parental rights be expeditiously resolved, thus promoting the child's interest in a final decision and thus placement in a safe and stable home." *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (cleaned up).

### III.   DISCUSSION

It is undisputed that Wilbert failed to file or otherwise make a "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re D.T.*, 593 S.W.3d at 439. Nor does Wilbert address the preservation issue by otherwise arguing that counsel unjustifiably failed to preserve error. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (noting that "the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in the trial court—if the parent's counsel unjustifiably failed to preserve error" but finding that appellant failed to preserve error because she "never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error"). Because Wilbert failed to preserve his complaints of legal and factual evidentiary sufficiency as to the jury's best interest finding, we overrule his sole issue. *See In re D.T.*, 593 S.W.3d at 439 (overruling appellant's legal and factual sufficiency complaints in a parental termination case because she failed to file or otherwise make any of the requisite motions or objections to preserve error); *In re A.L.*, 486 S.W.3d 129 (Tex. App.—Texarkana 2016, no pet.) (overruling appellant's argument "that the evidence is legally and factually insufficient to support the jury's finding that termination of her parental rights was in the child's best

3

interest" because appellant did not preserve error by taking the requisite actions specified above); *see also In re J.A.V.*, No. 04-19-00455-CV, 2019 WL 6887709, at *1 (Tex. App.—San Antonio Dec. 18, 2019, pet. denied) (mem. op.) (overruling appellant's legal and factual sufficiency complaints because she did not challenge the jury's findings in any of the manners specified above); *In re C.S.*, No. 13-13-00095-CV, 2013 WL 3895818, at *6 (same); *see also* TEX. R. APP. P. 33.1(a).

### IV.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
23rd day of May, 2024.

4