

# NUMBER 13-25-00633-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.W., N.W., N.W., P.W., CHILDREN

## ON APPEAL FROM THE 404TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellant T.P. (Mother) appeals the trial court's order terminating her parental rights to her children A.W., N.W., N.W., and P.W.[1] In three issues, which we renumber and reorganize, Mother argues (1) the trial court erred by failing to include statutorily required findings in its termination order; (2) the evidence was legally and factually insufficient to terminate her parental rights under Texas Family Code section

---

[1] We refer to the parties and the children by aliases for the protection of the minors' identities in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.8(b)(2).

161.001(b)(1)(N); and (3) the evidence was legally and factually insufficient to establish termination of Mother's parental rights was in the children's best interest. Because Mother failed to preserve her issues, we affirm.

## I. BACKGROUND

On August 12, 2025, the Texas Department of Family and Protective Services (the Department) filed its first amended petition to modify a prior order in a suit affecting the parent-child relationship which sought to terminate Mother's parental rights[2] to A.W., N.W., N.W., and P.W.[3] The case proceeded to a jury trial on November 3, 2025.

Melissa Andrade, a Department investigator, testified that the Department opened Mother's case in August 2022 when Mother moved to Texas from Florida. Attached in support of the Department's petition was the affidavit of Erica Solis, a child protective services specialist with the Department. Solis stated the Department learned of allegations that Mother's two youngest children were born with drugs in their system and that staff at a shelter reported Mother for appearing to be under the influence of drugs, pulling her children by the wrists, and breaking curfew. Mother testified these were lies.

According to Andrade, Mother moved because A.W. and N.W.'s father had been incarcerated and she came to live with the family of J.B., the father of another one of her children.[4] However, Andrade testified that Mother and seven of her children were instead temporarily living at a women's shelter in Harlingen, Texas. Andrade also testified that

---

[2] The Department also sought to terminate the parental rights of T.W. (alleged father of children A.W. and N.W.), J.W. (alleged father of children N.W. and P.W.), A.Y.D. (alleged father of children N.W. and P.W.), and any unknown fathers. None are parties to this appeal.

[3] At the time of trial, A.W. was fourteen years old, N.W. was seven years old, N.W. was four years old, and P.W. was three years old.

[4] J.B. and his child are not parties to this appeal. Mother has nine children in total.

the Department assisted Mother in securing housing and that Mother secured a job; however, Mother was evicted and lost her job shortly after. Andrade further testified that around November 2022, the Department moved for emergency removal due to neglectful supervision which included the children being left at home unsupervised with strangers and the children appearing dirty. Specifically, Wanda Jackson, a conservatorship specialist with the Department, testified that the children were being sent to daycare dirty and unbathed. Mother explained that because of her work schedule, she often left her children under the supervision of J.B. Mother conceded that J.B. had a criminal history including drug dealing and that he smoked marijuana in front of the children.

Andrade testified that Mother made only one in-person visit to see the children despite the Department offering transportation services.[5] While virtual visits were scheduled twice a week for one hour, those were reduced to thirty minutes because Mother was inconsistent in attending the visits. According to Andrade, A.W. was hurt when Mother missed these visits. Mother explained that any missed family counseling or virtual visits were due to conflicts with her work schedule.

After the children were placed in foster care, Mother testified that she returned home to Indiana because she had no support system in Texas. Mother further explained that she moved to Arkansas around November 2023 when she got a job as an insurance agent and stayed until November 2024. Andrade testified that she made three trips to Arkansas to see Mother, but Mother never met with her. Subsequently, Mother moved back to Indiana where she was working two jobs and resided with her five other children. Jackson testified that the most recent drug test in October 2025 was positive for

[5] During Mother's direct examination, she denied that the Department made her such an offer.

3

amphetamines and marijuana. Jackson asked the jury to terminate Mother's parental rights because the continuing instability was not in the children's best interest.

The jury unanimously found that Mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, *see* TEX. FAM. CODE § 161.001(b)(1)(D); engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, *see id.* § 161.001(b)(1)(E); used a controlled substance in a manner that endangered the health or safety of the children, *see id.* § 161.001(b)(1)(O); and constructively abandoned the children, *see id.* § 161.001(b)(1)(N). The jury also found that termination of Mother's parental rights was in the children's best interest. *See id.* § 161.001(b)(2). This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

By her first and second issue, Mother argues that the evidence was legally and factually insufficient to (1) terminate her parental rights under Texas Family Code section 161.001(b)(1)(N), and (2) establish termination of her parental rights was in the children's best interest. *See id.* § 161.001(b)(1)(N), (b)(2). The Department responds that Mother failed to preserve error for appellate review.

Following a jury trial, a challenge to the legal sufficiency of the evidence must be preserved in one of five ways: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re D.T.*, 593 S.W.3d 437, 439 (Tex. App.—Texarkana 2019) (quoting *In re A.L.*, 486 S.W.3d 129, 130 (Tex. App.—Texarkana 2016, no pet.)), *aff'd*,

4

625 S.W.3d 62 (Tex. 2021); *In re E.M.*, No. 13-24-00009-CV, 2024 WL 2340833, at *1 (Tex. App.—Corpus Christi–Edinburg May 23, 2024, no pet.) (mem. op.) (same); *see also* Tᴇx. R. Aᴘᴘ. P. 33.1(a).

Further, the Texas Rules of Civil Procedure require that a party file a motion for new trial as a prerequisite for a "complaint of factual insufficiency of the evidence to support a jury finding." Tᴇx. R. Cɪᴠ. P. 324(b)(2); *see In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991)) (applying rule of civil procedure 324 to a parental termination case). "[A]llowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus promoting the child's interest in a final decision and thus placement in a safe and stable home." *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (citation modified).

It is undisputed that Mother failed to file or otherwise urge any of the aforementioned motions. *See In re D.T.*, 593 S.W.3d at 439; *see also In re E.M.*, 2024 WL 2340833, at *1. Nor does Mother address the preservation issue by arguing that counsel unjustifiably failed to preserve error. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (noting that "the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in the trial court— if the parent's counsel unjustifiably failed to preserve error" but finding that appellant failed to preserve error because she "never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error"). Therefore, Mother failed to preserve her legal or factual sufficiency complaints as to the jury's subsection (N) and best interest findings. *See In re D.T.*, 593 S.W.3d at 439 (overruling appellant's legal and

5

factual sufficiency complaints in a parental termination case because she failed to file or otherwise make any of the requisite motions or objections to preserve error); *In re A.L.*, 486 S.W.3d 129, 129–30 (Tex. App.—Texarkana 2016, no pet.) (overruling appellant's argument "that the evidence is legally and factually insufficient to support the jury's finding that termination of her parental rights was in the child's best interest" because appellant did not preserve error by taking the requisite actions specified above).

Additionally, with regards to the predicate grounds for termination, Mother only challenges the sufficiency of the evidence as to the jury's finding under Texas Family Code section 161.001(b)(1)(N). Even if this particular sufficiency challenge was preserved, a reviewing court need not address a sufficiency challenge to a single non-endangerment predicate ground where termination was based on multiple grounds. *See In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (per curiam); *Toliver v. Tex. Dep't of Fam. & Protective Servs.*, 217 S.W.3d 85, 102–03 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Here, Mother failed to challenge the jury's findings under subsections (D), (E), and (O). Because termination of parental rights only requires clear and convincing proof on one predicate ground, we need not address Mother's argument relating to the jury's finding under section 161.001(b)(1)(N). *See Toliver*, 217 S.W.3d at 102–03.

Accordingly, we overrule Mother's first and second issues.

### III. STATUTORY FINDINGS

By her third issue, Mother argues that the trial court "reversibly erred" because the termination order did not include required findings under Texas Family Code subsections 161.001(f) and (g), "rendering the judgment legally defective and unsupported by legally and factually sufficient evidence." The Department again argues that Mother failed to

6

preserve this issue. We agree.

In 2023, the Texas Legislature amended the Texas Family Code to require trial courts to make certain written findings within orders terminating parental rights. *See* Act of May 29, 2023, 88th Leg., R.S., ch. 675, §§ 1, 8, 2023 Tex. Sess. Law. Serv. 1646–47. As amended, Texas Family Code subsection 161.001(f) provides:

> In a suit for termination of the parent-child relationship filed by the [Department], the court may not order termination of the parent-child relationship under [s]ubsection (b)(1) unless the court finds by clear and convincing evidence and describes in writing with specificity in a separate section of the order that:
>
> (1) the [D]epartment made reasonable efforts to return the child to the parent before commencement of a trial on the merits and despite those reasonable efforts, a continuing danger remains in the home that prevents the return of the child to the parent; or
>
> (2) reasonable efforts to return the child to the parent, including the requirement for the [D]epartment to provide a family service plan to the parent, have been waived under Section 262.2015.

*Id.* § 161.001(f). Subsection 161.001(g) further provides:

> In a suit for termination of the parent-child relationship filed by the [Department] in which the [D]epartment made reasonable efforts to return the child to the child's home but a continuing danger in the home prevented the child's return, the court shall include in a separate section of its order written findings describing with specificity the reasonable efforts the [D]epartment made to return the child to the child's home.

*Id.* § 161.001(g). Here, the Department sought, and the trial court granted, termination of Mother's parental rights under subsection 161.001(b)(1). Therefore, the termination order was required to comply with subsections (f) and (g) by including separate sections with specific, written findings about the Department's reasonable efforts to return the children to their home. It is undisputed that the trial court's termination order failed to do so.[6]

---

[6] The only reference to the Department's "reasonable efforts" to return the child is found here:

However, to preserve error for appellate review, the complaining party must make the complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). This preservation rule applies equally to parental termination proceedings. *See In re J.S.*, 670 S.W.3d 591, 605–06 (Tex. 2023) (holding parent did not preserve complaint that trial court failed to make statutorily required findings because parent did not timely object). In adherence to rules of preservation, courts dealing with this same issue have held that a complaint about a lack of written findings under subsections 161.001(f) and (g) must be brought to the trial court to preserve the issue for appeal. *In re D.E.*, 02-25-00665-CV, 2026 WL 969502, at *4 (Tex. App.—Fort Worth Apr. 9, 2026, no pet. h.) (mem. op.); *In re M.S.*, 02-25-00704-CV, 2026 WL 628147, at *4 (Tex. App.—Fort Worth Mar. 5, 2026, no pet.) (mem. op.); *In re P.Y.*, 14-25-00696-CV, 2026 WL 363515, at *6 (Tex. App.—Houston [14th Dist.] Feb.10, 2026, no pet.) (holding that issue was not preserved when parent failed to "timely apprise[] the trial court of its alleged failure either to make the required findings or to state them with greater specificity"). Here, neither the clerk's record nor reporter's record contain any indication that Mother timely apprised the trial court of its alleged failure to make the required statutory findings. As stated above, Mother filed no motion for new trial, no

---

6.2. Further, the Court finds by clear and convincing evidence that [Mother] has:

. . . .

6.2.3. constructively abandoned the child(ren) who have been in the permanent or temporary managing conservatorship of the [Department] for not less than six months and: (1) the Department has made reasonable efforts to return the child(ren) to the mother . . . .

8

request for findings of fact, no request for additional findings of fact, and no other objection apprising the trial court of the complaint she now raises on appeal.

Because Mother did not object to the trial court's failure to comply with subsections 161.001(f) and (g), that error cannot be asserted for the first time on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *In re J.S.*, 670 S.W.3d at 605–06; *In re D.E.*, 2026 WL 969502, at *4; *In re M.S.*, 2026 WL 628147, at *4; *In re P.Y.*, 2026 363515, at *6; *see also In re C.J.P.*, No. 05-22-00233-CV, 2022 WL 7936574, at *3 (Tex. App.—Dallas Oct. 14, 2022, pet. denied) (mem. op.) (cataloging cases concluding that error-preservation standards apply to complaints about a trial court's failure to make the statutorily required extraordinary-circumstances and best-interest findings when a trial court extends a termination proceeding's trial deadline under section 263.401(b) of the Texas Family Code).

We overrule Mother's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
7th day of May, 2026.

9